UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| BF DANIELLE MICHELLE WHITE | ) | |
|---|---|---|
| AND ROBERT B. WHITE, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| V. | ) | NO. 2:09-CV-211 |
| | ) | |
| GREENE COUNTY SHERIFF'S | ) | |
| DEPARTMENT, OFFICERS CHUCK | ) | |
| HUMPHREYS, JOHNNIE WADE AND | ) | |
| SHERRY WOODBY, | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the "Motion to Dismiss the Amended Complaint Filed on Behalf of Greene County Sheriff's Department, Chief John Jones, Officer's [sic] Chuck Humphreys, Johnnie Wade, Jason Taylor, Jeff Davis, Ricky Graham, Sherry Woodby," [Doc. 17].[1] These defendants seek an order dismissing the plaintiffs' amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(2) and (6) on the basis that the plaintiff, Danielle White, presently has criminal charges pending in Tennessee state court and this matter is prohibited by the *Younger*[2] abstention doctrine. For the reasons which follow, the motion will be GRANTED IN PART and DENIED IN PART and this proceeding will be

---

[1] Chief John Jones, Jason Taylor, Jeff Davis and Ricky Graham were previously dismissed voluntarily by the plaintiffs, [Doc. 43].

[2] *Younger v. Harris*, 401 U.S. 37 (1971).

STAYED pending resolution of Danielle White's pending state criminal prosecution.

I.   **Factual allegations**

Plaintiffs have filed a somewhat rambling, confusing and often incoherent complaint, [Doc. 2], and a first amended complaint, [Doc. 11]. This Court has summarized plaintiffs' factual allegations in a memorandum opinion and order entered in this case on September 23, 2010, [Doc. 44]. Reference is made to that document for a statement of plaintiffs' factual allegations.

II.  **Nature of plaintiffs' claims**

A statement of the general nature of plaintiffs' claims is also set out in the above referenced order, to which reference is hereby made. In their complaint and amended complaint, plaintiffs specifically seek dismissal of the pending state charges against Danielle White and a restraining order against the individual officers on whose behalf this motion has been made. They also, however, allege various violations of their constitutional rights and seek monetary damages as a result of these alleged violations.

III. **Analysis and discussion**

Clearly, this Court cannot dismiss the state prosecution against Danielle White nor can the Court enjoin the state court from proceeding with the pending state criminal prosecution or restrain officers or law enforcement agencies from performing their duties related to that prosecution. Under *Younger*, "absent extraordinary circumstances the federal court should not enjoin pending state criminal prosecutions." *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 364 (1989). To the extent plaintiffs seek such injunctive relief, it is denied and their complaint against these defendants in that respect is DISMISSED. Plaintiffs may not "use the federal courts to shield them from state court enforcement efforts." *Crawley v. Hamilton County Comm'rs.*, 744 F.2d 28,

30 (6th Cir. 1984).

To the extent, however, that plaintiffs seek monetary damages for violations of their constitutional rights under 42 U.S.C. § 1983 which would not shield them from prosecution under state law or implicate the potential invalidity of a state court conviction, the motion to dismiss must be DENIED. The *Younger* abstention doctrine does not generally apply to a suit seeking only damages. *See Alexander v. Ieyoub*, 62 F.3d 709 (5th Cir. 1995); *see also Lawrence v. Davis*, 127 Fed. Appx. 124 (5th Cir. 2005); *UEI, Inc. v. Quality Fabricated Metals, Inc.*, 2006 WL 1541353, No. 1:06-CV-122 (W.D. Mich. June 1, 2006).

Given the possible interrelationship between the constitutional claims for monetary damages made by the plaintiffs and the pending state court criminal prosecution, this Court will, however, STAY further proceedings in this case pending resolution of the state court criminal prosecution. Counsel for defendants is directed to file a status report with the Court within ten (10) days of the entry of the instant order detailing the current status of the criminal prosecution of Danielle Michelle White.

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE